UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIGUEL ANGEL FLORES-MENDEZ,

Defendant.

No. 2:13-cr-0177 KJM

ORDER

Defendant Miguel Angel Flores-Mendez, proceeding pro se[1], has filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2), ECF No. 133, together with a motion to proceed in forma pauperis to support a request for appointment of counsel. ECF Nos. 133, 134. The government opposes the motion. ECF No. 137. On November 16, 2015, the Office of the Federal Defender filed a notice that it would not file supplementation to defendant's pro se motion. ECF No. 135. No filing fee is required for this § 2255 motion. *See* Rule 3, Rules Governing § 2255 Proceedings, Advisory Comm. Notes (1976) ("There is no filing fee required of a movant under these rules."). Moreover, the interests of justice do not require appointment of counsel to represent defendant on this motion. *Cf.* 18 U.S.C. § 3006A(a)(2). For these reasons,

/////

[1] On June 12, 2015, the Office of the Federal Defender filed notice that they did not recommend appointment of counsel to represent defendant on the instant motion. *See* ECF No. 104.

defendant's motion to proceed in forma pauperis and his request for appointment of counsel will be denied.

Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which became effective November 1, 2014 and lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1. After consideration of the moving papers, the relevant parts of the record, and applicable legal principles, the court hereby denies defendant's motion.

On November 5, 2014, defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine as prohibited by 18 U.S.C. §§ 846 & 841(a)(1). *See* ECF Nos. 109, 110. On February 11, 2015, defendant was sentenced to 135 months in prison. ECF No. 121.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582, which provides in relevant part:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done "by '"determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.'" *Id.* at 1155 n.3 (quoting *Dillon*, 560 U.S. at 827 (internal citation omitted)). Generally, §1B1.10 precludes

reduction of a term of imprisonment below the minimum of the amended guideline range. *Id.* at 1155. However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[2]

Here, defendant's conspiracy to distribute methamphetamine offense involved 44.9 kilograms of methamphetamine (actual). PSR ¶ 18.[3] At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 38 for that quantity of drugs. *Id.*; U.S.S.G. §2D1.1(c)(7)(2014).[4] Defendant received a two level increase for the presence of firearms and ammunition during the drug conspiracy, a two level reduction in accordance with USSG §5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), a two level reduction for acceptance of responsibility, and a one level reduction for timely notification of an intent to plead guilty, making his total offense level 35. PSR ¶¶ 19-28. His criminal history category was I, PSR ¶ 34, making his sentencing guideline range 168 to 210 months in prison, PSR ¶ 52. In the plea agreement, the parties agreed "that a sentence range of 96-168 months imprisonment" was appropriate. ECF No. 112 at 6. The court sentenced defendant to 135 months in prison. ECF Nos. 121, 122.

Here, the base offense level for the quantity of methamphetamine involved in movant's offense was unchanged by the effective date of Amendment 782. U.S.S.G. §2D1.1(c)(8)(2014). Indeed, Amendment 782 is included in the 2014 Guidelines Manual, which was used to calculate

[2] U.S.S.G. § 1B1.10((b)(2)(B) (2014) provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

[3] A copy of the final Presentence Investigation Report (PSR) prepared for defendant's sentence was filed under seal on December 30, 2014. ECF No. 115.

[4] The 2014 Guidelines Manual was used in the preparation of defendant's PSR. PSR ¶ 17.

defendant's guideline range. Moreover, defendant was sentenced below the applicable guidelines range. For these reasons, Amendment 782 does not authorize a reduction in defendant's sentence. *See* U.S.S.G. 1B1.10.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Miguel Angel Flores-Mendez's motion to proceed in forma pauperis, ECF No. 134, and his request for appointment of counsel, ECF No. 134, are denied; and

2. Defendant Miguel Angel Flores-Mendez's motion to reduce sentence, ECF No. 133, is denied;

DATED: December 5, 2016.

UNITED STATES DISTRICT JUDGE